**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

AMY KIRKLAND,

      Defendant-Appellant.

No. 96-4068
(D.C. No. 95-CR-40)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge; **PORFILIO**, Circuit Judge; and **MURPHY**, Circuit Judge.

The parties have requested this matter be considered without oral argument. We have decided to honor that request; therefore, the matter is submitted on the briefs.

Amy Kirkland appeals the district court's denial of a departure below the five-year minimum sentence prescribed by 18 U.S.C. § 924(c). Although she acknowledges we have no jurisdiction to consider a refusal to downwardly depart, she maintains the district court was unaware it could have departed; therefore, an exception applies. She also asserts her trial counsel made comments at sentencing that were prejudicial to her cause.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

We have reviewed the record and conclude the district court was aware it could have departed downward but chose not to do so. We further see nothing in the record to support whatever accusation present counsel makes against the representation accorded Ms. Kirkland at sentencing. We therefore affirm.

Following a favorable plea agreement, Amy Kirkland pled guilty to one count of distributing methamphetamine and one count of carrying a firearm during the commission of a drug trafficking crime. Because of her cooperation in a related case in which she testified despite various threats against her and her father, the district court decided to impose no incarceration on the distribution conviction. However, after noting his belief of the seriousness of Ms. Kirkland's offenses, the court imposed the five-year minimum provided by § 924(c) despite the government's motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 to depart.

Supporting the contention with comments by the court removed from the context of the sentencing hearing, Ms. Kirkland's counsel argues the record is "undeniably clear" the district court was unaware the government's motion gave it the ability to sentence below the five-year minimum. Expanding upon that theme, counsel then postulates Ms. Kirkland was "entitled to a substantial downward departure on both sentences."

The district court opened the sentencing hearing by stating the guideline sentence for count 1, the distributing count, would be "between 46 to 57 months . . . [b]ut mandatorily, and based on Count 2, I'm required to sentence her to a consecutive 60

months." This premise was concluded with the observation that if the guideline and minimum sentence were followed, the sentence would have to be 106 months. Although defense counsel argues to the contrary, taken in context this statement was made as a prelude to set the sentencing parameters and not an indication the trial court believed it had no discretion to depart. Indeed, the court later acknowledged and discussed its capacity to do so, but strongly indicated it did not believe departure was warranted.

Noting Ms. Kirkland's cooperation and the significance of her testifying despite "direct and meaningful threats against her life," the court stated it would reward that cooperation by a sentence of "zero months" on count 1. The court then commented:

> But it's going to be followed by 60 consecutive months under Count 2 because I don't see any way to deviate under the 924(c) charge. And given the seriousness of this and the benefits that have been given to her and that she's already received, I don't see any possible way of diminution of that 60 months. I don't think even if I wanted to, which I don't, that I could reduce that amount anyway.

The court later clarified its belief. Defense counsel asked the court to depart stating he had worked out an arrangement with the government that if the court departed on the firearms count and imposed the agreed sentence of 41 to 51 months, the government would not appeal. Yet, in light of this clear elucidation of the court's capacity to depart from the minimum, the court nonetheless reiterated it would not impose less than the 60 months. In context, it is evident the court was adamant, given the seriousness of the offense and other criminal activities implicating Ms. Kirkland, that this was the appropriate sentence.

Therefore, even though in the course of the sentencing hearing the court made what at best were ambiguous statements regarding its capacity to depart, when these statements are read as a whole, we believe the district court determined the sentence on the basis of what it considered was appropriate and not because it thought it could not depart. When the court spoke of what was "required," it used that word in the sense of what the circumstances of the defendant's criminal activities demanded, and not in the sense of a limitation on the minimum sentence.

Consequently, we hold we do not have jurisdiction to consider the issue raised by Ms. Kirkland. *United States v. Nelson*, 54 F.3d 1540, 1544 (10th Cir. 1995). We note, however, if jurisdiction existed, the argument she presents is wholly without foundation. Her assertion she was "entitled" to a particular sentence is simply wrong, as the district court has discretion to fix the amount of the departure; and, in this instance, it gave clear and cogent reasons for refusing to depart that were not an abuse of that discretion.

Ms. Kirkland also presents a cryptic criticism of the representations made at sentencing by her trial counsel without affixing those criticisms to a legal premise. The government assumes in response that the argument is directed to the adequacy of representation because of a vague reference defense counsel makes to a holding of the Utah Supreme Court, for which he furnishes no citation. Our view is not so charitable. We refuse to assume a premise for counsel. If one cannot be stated with sufficient clarity that we can understand, it becomes a shadowy notion unworthy of concern. Suffice to

say, however, we have reviewed the record and conclude trial counsel's representation of the defendant was remarkable.

Not only did counsel win an extremely favorable plea bargain which saved defendant from a possible sentence of 106 months, almost four years more than she received, but he also contrived an agreement with the government that could have reduced her sentence even more had the court been less concerned with the severity of defendant's offense. His efforts were even accorded praise by the district court following counsel's presentation, stating: "You've certainly done her a commendable job, . . . ,with the seriousness of what's occurred." There is simply nothing in this record to indicate Ms. Kirkland received anything but the most competent representation. The statements counsel made at which appellate counsel now points a finger are, once again, statements removed from context that when returned to their place in the hearing, do not have the significance ascribed in defendant's briefs.

**AFFIRMED**.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge